**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6777-GW(FFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | *Breckenridge Property Fund 2016, LLC v. Anthony McNulty, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Thomas Morningstar | Mia A. McNulty, *pro per* |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND REMOVED ACTION [8]

Court confers with the parties. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would grant the Motion and remand the case back to state court forthwith.

: 04

Initials of Preparer   JG

I.      **Background**

On May 15, 2018, Breckenridge Property Fund 2016, LLC ("Breckenridge" or "Plaintiff") filed a Complaint for Unlawful Detainer in the Superior Court for the State of California, County of Los Angeles. *See* Notice of Removal, Docket No. 1, at 21. According to the Complaint, Breckenridge purchased the contested property at a foreclosure sale and that Defendants continued to occupy the property without authorization. *See id.* at 22. Plaintiff thereby sued for (1) restitution and possession of the premises; (2) damages in the amount of $100 dollars per day until entry of judgment or recovery of possession of the premises; (3) costs of Plaintiff's suit; and (4) such other relief as the court may deem just and proper. *See id.* at 23.

Defendant Mia McNulty, proceeding *pro se*, removed the case to this Court on August 7, 2018. McNulty based removal on 28 U.S.C. § 1443 (jurisdiction over certain civil rights cases), rather than diversity or federal question jurisdiction.

On August 20, 2018, Breckenridge moved to remand the case to state court. *See generally* Motion to Remand (the "Motion"), Docket No. 8. Plaintiff argues that remand is appropriate because of a lack of diversity and because there is no federal question in the Complaint. *See id.* at 4-6. McNulty opposes the Motion on the grounds that: (1) the parties did not meet and confer in violation of Local Rule 7-3, and (2) Defendant is entitled to removal pursuant to 28 U.S.C. § 1443 ("Section 1443"). *See* Opposition to Motion ("Opposition"), Docket No. 9, at 1-4. Breckenridge did not file a reply to the Opposition. *See generally* Docket.

II.     **Legal Standard**

Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." C.D. Cal. L.R. 7-3.

Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A petition for removal pursuant to Section 1443(1) must satisfy a two-part test. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citing *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966); *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)). The two-part test requires a petitioner to:

> [First] assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice.

*People of Cal. v. Sandoval*, 434 F.3d 635, 636 (9th Cir. 1970).

Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Peacock*, 384 U.S. at 824.

## III. Discussion

In its reply brief, Breckenridge claims that its attorney attempted to meet and confer with McNulty on August 8 in the Compton Courthouse.[1] *See* Reply to Opposition, Docket No. 11, at 2. However, even assuming the parties did not meet, the Court is inclined to address the substance of the Motion because McNulty does not allege that she suffered any prejudice based on the violation of the local rule. *See CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015). Further, because the question is jurisdictional in nature, the Court has an obligation to review the merits.[2]

---

[1] Breckenridge also suggests that there is confusion about whether an attorney, James Imperiale, is representing McNulty. *See* Reply at 1-2. The Court believes that the reference to Imperiale in the Opposition describes an event in the past and does not establish that Imperiale is now representing McNulty. *See* Opposition at 6. Because McNulty submitted and signed both the Notice of Removal and the Opposition herself and signed the filings "*Pro se/in propria persona*," the Court would accept her representation in the absence of further indication that she has an attorney. *See* Notice of Removal at 9; Opposition at 9. Regardless, even if McNulty has counsel, the Court would grant the Motion.

[2] The Court notes that there may be other issues with Defendant's Notice of Removal. Based on the Notice of Removal, it appears that Defendant did not comply with the 30-day time limit in 28 U.S.C. § 1446. Defendant

As to whether Defendant is entitled to removal under 28 U.S.C. § 1443, the Court would conclude that she is not. Even giving the *pro se* Defendant the benefit of the doubt, she does not meet either prong of the two-part test. As to the first part, McNulty does not direct the Court to an "an explicit statutory enactment protecting equal *racial* civil rights," that is relevant to this case. In fact, there is no indication that McNulty is asserting any claim based on race. *See* Opposition at 7 (noting that Defendant is "a single woman and mother of a mentally challenged daughter."). As to the second part of the test, McNulty cannot point to any California "statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *See Patel*, 446 F.3d at 999. Therefore, removal would be improper under Section 1443(1).

Likewise, to the extent McNulty bases removal on Section 1443(2), the claim fails because she is not a federal officer. *See Peacock*, 384 U.S. at 824.[3] McNulty takes issue with certain events in the state court proceeding, *see* Opposition at 6-7, but these "bad experiences" do not create sufficient grounds for removal under Section 1443, *see Sandoval*, 434 F.3d at 636.

## IV. Conclusion

Based on the foregoing discussion, the Court would grant the Motion and remand the case back to state court forthwith.

---

may also have waived her ability to remove this case by filing a demurrer in state court. *See* Notice of Removal at 45. Breckenridge did not move to remand on these issues and, as such, the Court will not rule on them. *See generally* Motion.

[3] The fact that Breckenridge did not address Section 1443 in the Motion is immaterial because this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).
3